Alex L. Fugazzi, Esq. (NV Bar No. 9022)
Christian P. Ogata, Esq. (NV Bar No. 15612)
SNELL & WILLMER L.L.P.
1700 S. Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
(702) 784-5200
Email:       afugazzi@swlaw.com
             cogata@swlaw.com

MASCHOFF BRENNAN GILMORE
ISRAELSEN & MAURIEL LLP
Paula D. Heyman (admitted Pro Hac Vice)
5401 S. FM 1626, Suite 170, PMB 175
Kyle, Texas 78640
(435) 575-1420

Andrew J. Fender (admitted Pro Hac Vice)
95 S. State Street, Suite 800
Salt Lake City, Utah 84111
(801) 514-7523
Email:       pheyman@mabr.com
             afender@mabr.com

Attorneys for Plaintiff
9539-7337 QUEBEC INC.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| 9539-7337 QUEBEC INC., A QUEBEC, CANADA, CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>ELKO WIRE ROPE AND MINING SUPPLY INC., a Nevada corporation,<br><br>        Defendant. | Case No. 3:25-cv-00756-ART-CSD<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge: Hon. Anne R. Traum<br>Magistrate Judge: Craig S. Denney |

CASE NO.: 3:25-CV-00756-ART-CSD                STIPULATED PROTECTIVE ORDER

## I.     SCOPE OF PROTECTED INFORMATION

The parties to this action ("Parties", or singular "Party") may be required to produce in discovery information that constitutes, in whole or in part, information such as trade secrets non-public research and development, commercial or financial information, or other information that may cause "annoyance, embarrassment, oppression, or undue burden or expense" to the producing Party or a non-party under FRCP 26(c) if disclosed to the public. The Parties reserve the right to seek modification of this Stipulated Protective Order if other categories of information come to light during discovery warranting such protection from public disclosure and designation as Protected Information or upon a showing of good cause.

## II.     DESIGNATION OF PROTECTED INFORMATION

### a.     Definitions

**"CONFIDENTIAL"** Information (regardless of how it is generated, stored, or maintained) includes any non-public information or material that the Designating Party reasonably and in good faith believes contains sensitive business, financial, technical, or commercial information that is not generally known to the public and that the Designating Party would not normally disclose to third parties except under an obligation of confidentiality.

**"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO")** Information includes CONFIDENTIAL Information  that the Designating Party reasonably and in good faith believes is of such a highly confidential and proprietary nature that disclosure to another Party or non-party would create a substantial risk of serious competitive, commercial, or economic harm that could not be avoided by less restrictive means.

**"Designating Party"** means the Party or non-party who so designates the Protected Information it produces as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

**"Outside Counsel of Record"** means attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2

**"House Counsel"** means attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**"Non-Party"** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**"Protected Information"** means any items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter and designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL- ATTORNEYS 'EYES ONLY."

**"Receiving Party"** means the Party to whom such Protected Information was produced or disclosed.

**"Public Artificial Intelligence Tool"** means any artificial intelligence-based system, application, or service that:

(a) is made available to the general public or to a broad class of users without individualized contractual restrictions on data use; and

(b) uses, stores, trains on, or otherwise retains user-submitted content for the purpose of improving, training, or developing its models or services, or permits such content to be accessed by persons outside the Receiving Party's control.

### b.    Scope

Any Party or non-party who produces Protected Information in this action may designate it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" consistent with the terms of this Order and LPR1-4. Whenever possible, the Designating Party shall designate only those portions of a document, deposition, transcript, or other material that contain the Protected Information and refrain from designating entire documents. . In addition, any Party may move to modify or seek other relief from any of the terms of this Order if such Party has first tried in good faith to resolve its needs or disputes with the other Party(ies) pursuant to the terms of this Order and this Court's local rules.

CASE NO.: 3:25-CV-00756-ART-CSD                    STIPULATED PROTECTIVE ORDER

The protections conferred by this Stipulation and Order cover not only Protected Information (as defined above), but also (1) any information copied or extracted from Protected Information; (2) all copies, excerpts, summaries, or compilations of Protected Information; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Information. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure; (b) becomes part of the public domain after the time of its disclosure to a Receiving Party other than through a violation of this Order; (c) was received from a third party who was under no obligation of confidentiality to the Producing Party; or (d) is derived or obtained independently of the disclosure, any of which the Receiving Party shall have the burden of proving.

This Order shall be subject to modification by the Court on its own motion or on motion of a Party or any other person with standing concerning the subject matter. Motions to modify this Protective Order shall be served and filed under the Local Rules and the presiding judge's standing orders or other relevant orders.

The Parties shall meet and confer in advance of the deadline for submission of the Joint Pretrial Stipulation in accordance with the Local Rules regarding a procedure for the use at trial of any document designated for protection under this Protective Order. Any agreed-upon procedure by the Parties shall be included in the Joint Pretrial Order. If the Parties cannot reach agreement on a procedure, the Parties shall set forth their respective proposals in the Joint Pretrial Order.

### c.    Post-Letter Privileged Communications and Information

Privileged communications or privileged information generated on or after May 12, 2024, the date of 808264 Canada Inc.'s (now know as 9539-7337 Quebec Inc.) letter to Elko Wire Rope, need not be recorded on privilege logs.

CASE NO.: 3:25-CV-00756-ART-CSD                    STIPULATED PROTECTIVE ORDER

**d.     Timing and Provisional Protection**

Designations may be made at any time. To avoid potential waiver of protection hereunder, the Designating Party should designate Protected Information at the time of production or disclosure, including on the record during the taking of any testimony. Deposition testimony will be deemed provisionally protected for a period of thirty (30) days after the transcript is released to the Parties by the court reporter, although the Parties may agree at any time to different timelines of provisional protection of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as part of one or more specific depositions. The use of a document as an exhibit at a deposition shall not in any way affect the document's designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." To retain any designations beyond the provisional period, a Designating Party shall designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations shall be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

**e.     Manner of Designation**

Information may be designated hereunder in any reasonable manner or method that notifies the Receiving Party of the designation level and identifies with specificity the information to which the designation applies. If made verbally, the Designating Party shall promptly confirm the designation in writing. Whenever possible, the Designating Party should stamp, affix, or embed a legend of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each designated page of the document or electronic image.

**III.     CHALLENGES TO DESIGNATED INFORMATION**

Any Party may challenge a designation of confidentiality at any time (the "Challenging Party"). Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original

5

designation is disclosed. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall engage in a good-faith meet-and-confer in-person or via telephone or video conference within five (5) business days following such written notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to file a motion with the Court to change the designation only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

The Challenging Party may file a motion challenging a confidentiality designation at any time after the Parties have conferred as set forth herein above if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph and comply with LR IA 1-3 and LR 26-6(c).

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on the other Party(ies)) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge. The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

CASE NO.: 3:25-CV-00756-ART-CSD                    STIPULATED PROTECTIVE ORDER

## IV.    LIMITED ACCESS/USE OF PROTECTED INFORMATION

### a.    Restricted Use

Protected Information that is produced or exchanged in the course of this action and designated under this Order may be used solely for the preparation, trial, and any appeal of this action, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designating Party. No designated Protected Information may be disclosed to any person except in accordance with the terms of this Order. All persons in possession of designated Protected Information agree to exercise reasonable care regarding the custody, use, or storage of such information to ensure that its confidentiality is maintained. This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any designated Protected Information and consulting with the Designating Party before responding to the subpoena. Any use or disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in violation of the terms of this Order may subject the using or disclosing person or Party to sanctions and an award of attorney fees to the Designating Party.

### b.    Access to and use of "CONFIDENTIAL" Information

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1.    The Court, its personnel, and court reporters and their staff;

2.    Neutral evaluators, mediators or arbitrators assigned to the case by the Court or retained for the case by the mutual agreement of the Parties;

3.    The Receiving Party's Outside Counsel of Record , as well as support personnel for the Outside Counsel of Record (e.g., associates, law clerks, analysts, litigation assistants, secretaries, and support staff);

4.    The officers, directors, and employees (including House Counsel) of the receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A;

7

CASE NO.: 3:25-CV-00756-ART-CSD                    STIPULATED PROTECTIVE ORDER

5.     Experts or consultants employed by the Parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A;

6.     Professional jury or trial consultants, mock jurors, and professional vendors who have signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A;

7.     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

8.     At a deposition or hearing, the attorney for a witness who is shown the CONFIDENTIAL Information; and

9.     Other witnesses or persons with the Designating Party's consent or by court order.

**c.     Access to and use of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party's disclosure of any information or item designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be limited to only:

(1) The Receiving Party's Outside Counsel of Record in this action, as well as support personnel for the Outside Counsel of Record (e.g., associates, law clerks, analysts, litigation assistants, secretaries, and support staff);

(2) Experts of the Receiving Party (i) to whom disclosure is reasonably necessary for this litigation, and (ii) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(3) The Court and its personnel;

(4) Court reporters and their staff;

(5) Professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

8

CASE NO.: 3:25-CV-00756-ART-CSD                    STIPULATED PROTECTIVE ORDER

(6) Neutral evaluators, mediators or arbitrators assigned to the case by the Court or retained for the case by the mutual agreement of the Parties; and

(7) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

### d.     Source Code

To the extent production of source code becomes necessary in this case, the Parties will meet and confer to agree upon a process for reviewing and producing such source code and amend this Order accordingly.

### e.     No Use of Public Artificial Intelligence Tools

A Receiving Party shall not upload or otherwise provide another Party's Protected Information to any Public Artificial Intelligence ("AI") tool for any purpose, including for example using a public AI tool to perform analyses of documents or other materials in support of litigation, or for training a generative AI dataset.

Notwithstanding the foregoing, nothing in this Order prohibits the use of litigation support, document-review, legal research, or analytics tools that incorporate artificial intelligence or machine-learning functionality, provided that:

(a) the tool is used in a secure, non-public environment;

(b) the tool's provider is contractually or legally prohibited from using Protected Information to train or improve any artificial intelligence or machine-learning models available to persons outside the litigation team;

(c) Protected Information is not disclosed to any person or entity not otherwise authorized to receive such information under this Order; and

(d) the use of the tool is otherwise consistent with the confidentiality obligations imposed by this Order.

### f.     Non-Waiver Effect of Designations

Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, shall constitute a waiver of any party's claim

9

or defense in this action or any other action or proceeding, including but not limited to a claim or defense that any designated Protected Information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

### g.    In-Court Use of Designated Protected Information

If Protected Information designated pursuant to this Order will or may be offered in evidence at a hearing or trial, then the offering Party, prior to offering the information, shall give advance notice to the Party or non-party that designated such Protected Information so that any use or disclosure may be addressed in accordance with the Court's case-management or other pretrial order, by procedures for filing under seal pursuant to the Court's orders , the local rules of practice, and the Ninth Circuit's decision in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), or by a motion in limine. Nothing in this Order shall be construed as a waiver by a Party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

### h.    Protected Information Subpoenaed or Ordered Produced in Other Litigation

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

1.    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

2.    promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

3.    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Information may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as

10

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

Nothing in this Order, and no "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, shall prevent counsel from advising their respective clients in any way relating to this action, provided that counsel does not disclose to its client any information protected from such disclosure by this Order.

### V.    CLAW-BACK REQUESTS

#### a.    Failure to Make Designation

If, at any time, a Party or non-party discovers that such Party or non-party produced or disclosed Protected Information without designation, such Party or non-party may promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation (the "Claw-Back Notification"). The Receiving Party may then request substitute production of the newly-designated information. Within thirty (30) days of receiving the Claw-Back Notification, the Receiving Party shall: (1) certify to the producing/Designating Party that the Receiving Party has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that the Receiving Party received, made, and/or distributed; and (2) if the Receiving Party was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party shall reasonably provide as much information as practicable to aid the producing/Designating Party in protecting the information, consistently with the Receiving Party's attorney-client privilege and the work product doctrine.

CASE NO.: 3:25-CV-00756-ART-CSD                                STIPULATED PROTECTIVE ORDER

**b.    Inadvertent Production of Privileged Information**

1.    Subject to the provisions of this Order and Fed. R. Evid. 502(d), if a Party (the "Disclosing Party") discloses documents, electronically stored information, or other information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Privileged Information"), the disclosure of that Privileged Information will not constitute or be deemed a waiver or forfeiture—in this or any other proceeding, federal or state—of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

2.    Upon notification from the Disclosing Party, in writing, that it is asserting Privileged Information has been disclosed, the Party receiving the Privileged Information must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph 3 below—promptly confirm to the Disclosing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Privileged Information and any reasonably accessible copies of the Privileged Information. Within five business days of delivering the notification to the Party receiving the Privileged Information, the Disclosing Party must explain as specifically as possible why the Privileged Information is privileged.

3.    If the Party receiving the Privileged Information contests the claim of attorney-client privilege or work product protection, the Party receiving the Privileged Information may move the Court for an Order compelling disclosure of the information claimed as unprotected.

4.    The Disclosing Party retains the burden—upon challenge pursuant to paragraph 3 above—of establishing the privileged or protected nature of the Privileged Information.

5.    The provisions of Federal Rule of Evidence 502(b) are inapplicable to the production of Privileged Information under this Section V.b.

## VI.    THIRD PARTY DISCOVERY

To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves Protected Information as defined in this Order, then such Third Parties may agree to be bound to this Order. Alternatively, such Third Parties may have the opportunity to negotiate with the Parties for entry of a modified Order (or to petition the Court for entry of a modified Order) that would apply to discovery produced by such Third Party.

Information originating with a Third Party and in a Designating Party's custody or control that a Designating Party reasonably and in good faith believes is subject to a confidentiality obligation may be designated by a Designating Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and such information shall be subject to the restrictions on disclosure specified in this Order.

To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," any documents, information, or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have thirty (30) days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" in accordance with this Order.

## VII.    DURATION/CONTINUED RESTRICTIONS

### a.    Handling of Designated Information Upon Conclusion of Action

Upon conclusion of this action, including all appeals, the Receiving Party(ies) is/are responsible for ensuring that all Receiving Parties return or destroy all of such Receiving Party's copies of such Designating Party's designated Protected Information, regardless of the medium in which such designated Protected Information was stored. Within sixty (60) days after the later of dismissal of this action or expiration of all deadlines for appeal, the Receiving Party(ies) shall

13

certify to each Designating Party that all designated Protected Information hereunder has been destroyed by all Parties and witnesses for whom that Receiving Party is responsible. No witness or Party may retain designated Protected Information that such witness or Party received from any other Party or non-party under this Order; only counsel of record are authorized agents who may retain one copy for their respective legal files, and who shall also describe to the Designating Party the extra steps taken to seal such counsel of record's legal file containing paper and/or electronic copies of the designated Protected Information so that such Protected Information is not accessed, used, or disclosed inconsistently with the obligations under this Order. This provision does not apply to the Court or Court staff.

### b.    Continued Restrictions Under this Order

The restrictions on disclosure and use of designated Protected Information survive the conclusion of this action.

### VIII.    REQUESTS TO SEAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons and an appropriate motion for leave to file the document under seal, a Party may not file in the public record in this action any Protected Information. This protective order does not authorize a Party to file or maintain a document under seal. Any Party that seeks to file any document, or any portion of a document, under seal, and any Party that opposes its maintenance under seal, shall comply with District of Nevada Local Rule IA 10, Local Rule IC 6-1, and follow the requirements cited in the Ninth Circuit's decision in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). Regardless of whether the Parties agree, it remains the Court's independent obligation to determine whether a seal is appropriate for any given document or portion thereof. Unless otherwise permitted by statute, rule, or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal.

14

CASE NO.: 3:25-CV-00756-ART-CSD                                STIPULATED PROTECTIVE ORDER

DATED: March 23, 2026.

Respectfully submitted,

MASCHOFF BRENNAN GILMORE ISRAELSEN & MAURIEL LLP

By: _/s/ Paula D. Heyman_
Attorneys for 9539-7337 QUEBEC INC.

DATED: March 23, 2026.

Respectfully submitted,

BRYAN CAVE LEIGHTON PAISNER LLP

By: _/s/ Jacob A. Maskovich_
Attorneys for ELKO WIRE ROPE AND MINING SUPPLY, INC.

**IT IS SO ORDERED.**

**DATED:  March 24, 2026**

_____
Craig S. Denney
United States Magistrate Judge

15

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada in the case of *9539-7337 Quebec Inc. v. Elko Wire Rope and Mining Supply, Inc.*, 3:25-cv-00756-ART-CSD. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
      [printed name]

Signature: _____
      [signature]

16

CASE NO.: 3:25-CV-00756-ART-CSD          STIPULATED PROTECTIVE ORDER